1  Frank G. King, attorney at Law (SBN35059)
2  2255 Miramonte Circle West, Unit B
   Palm Springs, CA 92264
3  Tel: 760-202-4007
   Cell:323-559-7977
4  Fax:760-699-5520
   bandfking@hotmail.com
5
   Attorney for Plaintiff
6

7                       UNITED STATES DISTRICT COURT
8               FOR THE CENTRAL DISTRICT OF CALIFORNIA
9
   PAULA BILLAU,                              Case No.SACV11-00036RNB
10
                Plaintiff,                    ANSWER TO COUNTERCLAIM
11
   Vs.
12
   SPECIALTY TRUST COMPANY,A
13 MARYLAND CORPORATION, ROBERT
   E. LAWLESS ;RENEE WAGNER, LANCE
14 WAGNER, SANDRA WAGNER, BRUCE
   TEBBUTTS, SUSAN TEBBUTTS, NELLO
15 GONFIANTINI, SPECIALTY FINANCIAL
   CORPORATION, A NEVADA CORPORATION,
16 SPECIALTY MORTGAGE CORPORATION, A
   NEVADA CORPORATION,
17              Defendants.

18 SPECIALTY MORTGAGE CORP, a Nevada
   Corporation,
19              CounterClaimant

20 Vs.

21 PAULA BILLAU,

22              CounterDefendant.

23

24 PAULA BILLAU, Counter Defendant, answers Counter Claimant's Counter Claim as
25 follows:
26 1.CounterDefendant denies on information and belief paragraphs 2,3,4,and 6 as pertains
27 To MARVIN RANDALL.  CounterDefendant denies generally and specifically said

28

Diversity of Citizenship the action is between Plaintiff and Defendants: the former was at all material times a citizen-resident of the State of California, and Defendants, all but Robert Lawless and Specialty Trust Company, a Maryland Corporation, are citizens and residents of the State of Nevada. Defendant Robert Lawless is a citizen-resident of the State of Indiana, and as stated, Specialty Trust Company, a Maryland Corporation, is a Maryland citizen. The Real Property subject of the within action is located in the State of Arizona.

2. The case involves the sale and resale of shares of a REIT with Trustee-Management being in Specialty Trust Company, a Maryland Corporation. Plaintiff is Informed and believes and thereon alleges that said REIT qualified under the registration provisions of the Securities Exchange Act. The jurisdiction for the action brought by an

paragraphs regarding CounterDefendant, as a person.

2. CounterDefendant admits receipt of the billing set forth in paragraph 5, but denies that said sums are due or owing.

3. CounterDefendant denies generally and specifically paragraph 6 of the First Claim for Relief.

4. CounterDefendant while urging her affirmative defenses below, with respect to the Second Claim for Relief, denies generally and specifically that the sum of $8,991.51 or any other amount is due and owing to CounterClaimant.

## AFFIRMATIVE DEFENSES TO COUNTER CLAIM

1. CounterClaimant's Counter Claim fails in both of its claims for relief therein to state a claim upon which relief can be granted.

2. CounterClaimant's counter claim as concerns the Second Claim For Relief, is not properly joined with the either the First Claim for Relief, or the subject matter of the Complaint in chief, and should be stricken.

3. The First Claim for Relief, is barred by the doctrine of laches.

4. The First Claim for Relief and the Second Claim for Relief are both barred by applicable statutes of limitations.

5. The CounterClaimant sets forth no legal basis for alleged satisfaction of the alleged loan transaction with issuance of the title in common with others to CounterDefendant .

6. If as alleged the loan participation was satisfied by issuance of a tenant in common deed to CounterDefendant, then the loan participation agreement is erroneously sued upon as to any terms of the satisfied loan participation, and the CounterClaim based thereon should be dismissed.

WHEREFORE, the Plaintiff, CounterDefendant, demands judgment on the Complaint in chief as prayed and for dismissal of the CounterClaim of Specialty Mortgage in its entirety, and that Plaintiff be awarded costs and reasonable legal fees.

```
```
Dated: March , 2011

Law Offices of Frank G. King

By: *Frank G. King* (signed)
FRANK G. KING
Attorney for Counter Defendant, and Plaintiff